## MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District   Southern District of Florida |
|---|---|
| Name (under which you were convicted):<br>Elieser Pereira-Delgado | Docket or Case No.:<br>17-20441-Cr-KMM |
| Place of Confinement:<br>D. Ray James Corr. Inst., Hwy 252 East, Folkston, GA 31537 | Prisoner No.:<br>16403-104 |
| UNITED STATES OF AMERICA<br><br>v. | Movant (include name under which you were convicted)<br><br>Elieser Pereira-Delgado |

### MOTION

1.  (a) Name and location of court that entered the judgment of conviction you are challenging:

    United States District Court, Southern District of Florida (Miami, Florida)


    (b) Criminal docket or case number (if you know):  17-20441-Cr-KMM

2.  (a) Date of the judgment of conviction (if you know):  12/8/2017


    (b) Date of sentencing:  12/8/2017

3.  Length of sentence:  108 months

4.  Nature of crime (all counts):

    18 U.S.C. § 1349, Conspiracy to Commit Health Care and Wire Fraud
    18 U.S.C. § 1347, Health Care Fraud




5.  (a) What was your plea? (Check one)

    (1)   Not guilty ❑          (2)   Guilty ❑✔          (3)   Nolo contendere (no contest) ❑

    (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count
    or indictment, what did you plead guilty to and what did you plead not guilty to?

    Pled guilty to one count of 18 U.S.C. § 1349, Conspiracy to Commit Health Care and Wire Fraud,
    and all other counts were dismissed pursuant to a plea agreement.



6.  If you went to trial, what kind of trial did you have? (Check one)          Jury ❑          Judge only ❑

7.  Did you testify at a pretrial hearing, trial, or post-trial hearing?     Yes ❑     No ☑

8.  Did you appeal from the judgment of conviction?     Yes ❑     No ☑

9.  If you did appeal, answer the following:

    (a) Name of court:

    (b) Docket or case number (if you know):

    (c) Result:

    (d) Date of result (if you know):

    (e) Citation to the case (if you know):

    (f) Grounds raised:

    (g) Did you file a petition for certiorari in the United States Supreme Court?     Yes ❑     No ❑

       If "Yes," answer the following:

       (1) Docket or case number (if you know):

       (2) Result:

       (3) Date of result (if you know):

       (4) Citation to the case (if you know):

       (5) Grounds raised:

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications concerning this judgment of conviction in any court?

    Yes ❑     No ☑

11. If your answer to Question 10 was "Yes," give the following information:

    (a) (1) Name of court:

       (2) Docket or case number (if you know):

       (3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?      Yes ❑  No ❑

(7) Result:

(8) Date of result (if you know):

(b) If you filed any second motion, petition, or application, give the same information:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?      Yes ❑  No ❑

(7) Result:

(8) Date of result (if you know):

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

(1) First petition:        Yes ❑  No ❑

(2) Second petition:      Yes ❑  No ❑

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States.  Attach additional pages if you have more than four grounds.  State the <u>facts</u> supporting each ground.

**GROUND ONE:**

Ineffective assistance of sentencing counsel in violation of the Sixth Amendment.

(a) Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

Sentencing counsel was ineffective in failing to properly object, or present a motion asserting, that: the PSI erroneously determined pre-plea drug usage voided the plea provision for the government's recommendation as to acceptance of responsibility and precluded an acceptance reduction; the government, by opposing defendant's filed PSI objection, violated its plea agreement promise to recommend an acceptance of responsibility reduction; the government violated the acceptance-recommendation agreement at sentencing; the sophisticated means enhancement lacked record support; and a departure for overstated criminal history was merited given the effect of an insufficient funds check case from 10 years prior and a single adjudication and 30-day sentence for a driving offense; the forfeiture judgment violated Supreme Court precedent and falsely inflated defendant's gain (where gains went principally to codefendant pharmacy owners) and rested on overstated loss calculations. Defendant received a sentenced of 9 years imprisonment, while the codefendant pharmacy owners received sentences of near or less than 3 years. Counsel's representation fell below the level of reasonably competent counsel and caused the defendant to waive objections and otherwise-available appellate claims, where counsel, if he had invoked the government's plea breach, could have pursued valid objections to loss calculation (premised on losses beyond jointly-undertaken conduct) and role in the offense. See Addendum for additional supporting statement.

(b) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ❑   No ❑

(2) If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ❑   No ☑

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):


(3) Did you receive a hearing on your motion, petition, or application?

    Yes ❑   No ❑

(4) Did you appeal from the denial of your motion, petition, or application?

    Yes ❑   No ❑

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

    Yes ❑   No ❑

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:


Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):


(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:




**GROUND TWO**:

  Ineffective assistance of counsel in plea representation in violation of the Sixth Amendment.

(a)  Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

  Trial counsel's defective advice about the government's plea agreement offer caused defendant to plead guilty pursuant to a plea agreement that afforded him no benefit, waived his right to contest essential guideline issues (loss calculation, role in the offense) and a forfeiture calculation that wrongly asserted defendant profited more than $2 million, and exposed him to further enhancements, while misleading defendant as to his status regarding the acceptance of responsibility reduction.  Counsel misadvised defendant to stipulate to losses not attributable to him; to denial of minor role; and to a false, statutorily-violative forfeiture (lacking a factual basis and skewing the loss and role analysis). But for counsel's deficient advice, defendant would not have entered into the plea agreement and would have proceeded to trial unless a favorable plea agreement were offered.  Counsel's failure in plea representation to adequately investigate and advise defendant regarding: the illusory acceptance of responsibility provision that counsel failed to enforce; the lack of agreement on a sophisticated means enhancement; the inclusion of losses that were unforeseeable, untethered to defendant's jointly undertaken conduct, or occurred prior to his criminal participation (for which no commencement date was shown); and the unduly burdensome forfeiture provision fell below the level required of reasonably competent counsel and prejudiced the defendant because he would not otherwise have entered the plea agreement and would have chosen trial rather than a guilty plea without a favorable or enforceable plea agreement.  See Addendum for additional supporting statement.

(b) **Direct Appeal of Ground Two:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ❑    No ❑

    (2) If you did not raise this issue in your direct appeal, explain why:


(c) **Post-Conviction Proceedings:**

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ❑    No ☑

    (2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:


Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):


    (3) Did you receive a hearing on your motion, petition, or application?

        Yes ❑    No ❑

    (4) Did you appeal from the denial of your motion, petition, or application?

        Yes ❑    No ❑

    (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

        Yes ❑    No ❑

    (6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:


Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND THREE:**

Ineffective assistance of counsel for appeal in violation of the Sixth Amendment.

(a)  Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

Following sentencing, counsel failed to accurately advise the defendant of his appellate rights, including the right to appeal the denial of the government's violation of the plea agreement with regard to the acceptance of responsibility reduction and the imposition of an impermissible sophisticated means enhancement and invalid forfeiture penalties.  If counsel had properly advised the defendant of his appellate rights, defendant would have requested that a notice of appeal be timely filed on his behalf.

(b) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ❑   No ❑

(2) If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ❑   No ☑

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):


(3) Did you receive a hearing on your motion, petition, or application?

Yes ❏   No ❏

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ❏   No ❏

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ❏   No ❏

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:


Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):


(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:




**GROUND FOUR**:


(a)  Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

(b) **Direct Appeal of Ground Four:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

       Yes ❑   No ❑

    (2) If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

       Yes ❑   No ❑

    (2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

    (3) Did you receive a hearing on your motion, petition, or application?

       Yes ❑   No ❑

    (4) Did you appeal from the denial of your motion, petition, or application?

       Yes ❑   No ❑

    (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

       Yes ❑   No ❑

    (6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

13. Is there any ground in this motion that you have <u>not</u> previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

Ineffective assistance of counsel claims were not previously presented. They are ordinarily not cognizable on direct appeal, and this motion also asserts ineffective assistance of counsel with regard to the preservation and assertion of appellate rights.

14. Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the judgment you are challenging?      Yes ❑   No ✔
If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:
(a) At preliminary hearing:

(b) At arraignment and plea:

 Martin Beguiristain, 12930 SW 128 Street, Suite 103, Miami, FL 33186–6038
(c) At trial:

(d) At sentencing:

 Martin Beguiristain, 12930 SW 128 Street, Suite 103, Miami, FL 33186–6038

(e) On appeal:


(f) In any post-conviction proceeding:


(g) On appeal from any ruling against you in a post-conviction proceeding:


16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?       Yes ❑ No ☑

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?       Yes ❑ No ☑

(a)  If so, give name and location of court that imposed the other sentence you will serve in the future:


(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?       Yes ❑   No ❑

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you
    must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not
    bar your motion.*

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C.
§ 2255, paragraph 6, provides in part that:
    A one-year period of limitation shall apply to a motion under this section.  The limitation period
    shall run from the latest of —
        (1) the date on which the judgment of conviction became final;
        (2) the date on which the impediment to making a motion created by governmental action in
        violation of the Constitution or laws of the United States is removed, if the movant was
        prevented from making such a motion by such governmental action;
        (3) the date on which the right asserted was initially recognized by the Supreme Court, if
        that right has been newly recognized by the Supreme Court and made retroactively
        applicable to cases on collateral review; or
        (4) the date on which the facts supporting the claim or claims presented could have been
        discovered through the exercise of due diligence.

Page 14

Therefore, movant asks that the Court grant the following relief:

 grant an evidentiary hearing on this motion, and grant the motion to vacate conviction and sentence,

or any other relief to which movant may be entitled.

s/  Richard C. Klugh
_____

**Signature of Attorney**


I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.


Executed (signed) on ___December 2, 2018___ (date).

_____

**Signature of Movant**

**ADDENDUM – 28 U.S.C. § 2255 CLAIMS**

CLAIM ONE:   Ineffective assistance of sentencing counsel.

In *Strickland v. Washington*, the Supreme Court set forth a two-part test for showing ineffective assistance counsel: (1) "that counsel's performance was deficient," defined as "representation [that] fell below an objective standard of reasonableness," and (2) "that the deficient performance prejudiced the defense" in that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." 466 U.S. 668, 687-88, 694, 104 S.Ct. 2052, 2064, 2068 (1984).  "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*, 466 U.S. at 694, 104 S.Ct. at 2068.  The prejudice to the defendant in this case was substantial additional imprisonment.  In *Glover v. United States*, 531 U.S. 198, 203 (2001), the Supreme Court held that even if the lawyer's representation had caused a sentencing error amounting to only 6 months of jail time, that minimal effect on the sentence was sufficient to warrant relief.  *See Lafler v. Cooper*, 132 S. Ct. 1376, 1386  (2012) (citing *Glover* for the proposition that "any amount of [additional] jail time has Sixth Amendment significance.") (alteration in original).

Sentencing counsel failed to protect the defendant's rights at sentencing in multiple ways.  First, although sentencing counsel had erroneously advised the defendant to enter into a plea agreement in which the defendant waived his right to object to government calculations of loss and role in the offense, sentencing counsel failed to present and preserve an objection to a two-level enhancement for sophisticated means, even though the government had not sought such an enhancement and failed to raise a motion for downward departure based on overstated criminal history, where the defendant was moved from level I to level III criminal history based on three offenses for which he successfully completed probation and was not adjudicated guilty (including a traffic violation of driving without a license and an insufficient

funds charge—the types of offenses listed by the Sentencing Commission in U.S.S.G. § 4A1.2 as lesser offenses that in some cases are not counted at all, even where a sentence of imprisonment and adjudication are imposed).

*Ineffectiveness as to sophisticated means enhancement.*  Sentencing counsel filed only one presentence objection to the probation office's guideline calculation. *See* Crim. DE:240.  In that objection, defense counsel stipulated to an enhancement that the government had ***not*** sought in the plea agreement (Crim. DE:158): the sophisticated means enhancement under U.S.S.G. § 2B1.1(b)(10(C).  By affirmatively adopting a sophisticated means enhancement, defense counsel foreclosed even seeking the government's support for the plea agreement calculation which did not include such an enhancement.  Nor was the sophisticated means warranted in this case, where the essential element of the defendant's intentional hiding of assets by means of a corporate shell was not shown or even alleged.  Instead, although the factual basis for the plea (Crim. DE:159) said nothing about the defendant's involvement in hiding assets or even using corporate entities, the mere barebones allegation of shell corporations in the PSI, to which defense counsel negligently failed to object (given the absence of any record basis for the assertion), would have been insufficient even if there had been, in contravention of the plea agreement, evidence presented at sentencing to support such an enhancement.  *See United States v. Lawrence*, 47 F.3d 1559, 1566 (11th Cir. 1995) (government must prove enhancement by specific, reliable evidence, not mere speculation or conclusory proffers; enhancement cannot be supported by mere bare allegation in a PSI).

*Ineffectiveness as to acceptance of responsibility reduction.*  In his sole objection the PSI, defense counsel failed to correctly advise the Court of the law applicable to drug use issues as they affect U.S.S.G. § 3E1.1 acceptance of responsibility reductions (*see United States v. Mathews*, 874 F.3d 698 (11th Cir. Oct. 30, 2017) (reversing denial of acceptance of responsibility reduction where premised on theory that defendant's drug use was categorically inconsistent with acceptance).  And most importantly, defense counsel failed to note that by failing to agree to recommend an acceptance of responsibility

reduction, the government was in breach of its plea agreement promise to do so. Instead, defense counsel waived the plea breach issue by stating that the government permissibly took no position on the § 3E1.1 reduction. *See United States v. Hernandez*, 34 F.3d 998, 1000 (11th Cir. 1994) (even conduct inconsistent with "implicit promise" to recommend sentence reduction violates plea agreement). Thereafter, at sentencing, the government again failed to simply recommend the § 3E1.1 reduction and, instead, credited as correct the PSI position that the Court "could not" grant the reduction. Sent. trans. at 2 (government: "I think, by rights, I don't quarrel with probation that one could not award him acceptance of responsibility because he's violated the law by virtue of his cocaine use."). Although the government credited the PSI position and failed to *recommend* that the reduction be granted, the government stated that if the Court imposed the reduction, it would not object. Yet defense counsel never spoke up in the face of this failure to adhere to the terms of the plea agreement, and never advocated for the acceptance reduction at all at sentencing, with the government formally taking no position at all on the defendant's sentencing objection under § 3E1.1.

Defense counsel's error was all the more important because the PSI, in paragraph 115, had taken the position that the plea agreement had no effect on the issue of an acceptance reduction because the drug use—which occurred before the taking of the defendant's guilty plea—vitiated the acceptance issue.[1] The Eleventh Circuit had just held, only one month before sentencing in this case, that such a categorical view was incorrect, yet defense counsel failed to point out that the plea agreement was still in force, that the drug use was, at most, only one factor to be balanced against the defendant's cooperation, and that the government still was required to recommend that the reduction be granted. *See United States v. Tobon-Hernandez*, 845 F.2d 277, 280 (11th Cir. 1988) (holding that even if sentencing court finds plea breach inconsequential to decision, defendant is entitled to enforcement of plea bargain).

---

[1] PSI ¶ 115, regarding the lack of impact of the plea agreement, states: "The defendant tested positive while on bond. Therefore, the applicable reduction pursuant to § 3E1.1 is not recommended."

*Criminal history overstatement.*  Defense counsel failed to present in his sentencing memorandum (Crim. DE:246) any motion for departure or variance based on the clear overstatement of the defendant's criminal history, where the defendant was placed in Criminal History Category III, even though he had only one prior adjudication, for a traffic violation, for which he received his only prior sentence of 30 days incarceration, and where he had successfully completed probation on other offenses (an insufficient funds check, a DUI, and another traffic violation) and thus was not adjudicated guilty of those offenses, none of which related in any way to the serious federal offense at issue.  Defense counsel noted in his memorandum the defendant's "criminal history category (which is mostly influenced by traffic offenses)," yet failed to avail himself of his client's right to seek a downward departure under U.S.S.G. § 4A1.3 based on overstatement of criminal history, and to preserve such argument for appeal if it were denied.  *See United States v. Bennett*, 472 F.3d 825, 832-33 (11th Cir. 2006) (defendant's failure to object to a specific calculation or recommendation in a PSI renders the matter admitted).

Sentencing counsel also provided ineffective assistance in regard to the issue of the defendant's gain from the offense and corresponding forfeiture judgment which violated Supreme Court precedent and falsely inflated defendant's gain in relation to the pharmacy owners and others who received substantially more proceeds from the offense.  Although defense counsel had erroneously stipulated to a forfeiture judgment of more than $2 million, the analysis employed for that calculation was the joint and several liability theory that had already been held statutorily invalid by the United States Supreme Court in *Honeycutt v. United States,* 137 S.Ct. 1626 (2017), which established the substantive limits of forfeiture law and precludes imposition of a forfeiture penalty extending beyond the defendant's interest in proceeds of a crime.  *See also United States v. Elbeblawy*, 899 F.3d 925, 941 (11th Cir. 2018) (holding "the same [*Honeycutt*] reasoning applies to the forfeiture statute for healthcare fraud, *see* 18 U.S.C. § 982(a)(7)").

The erroneous forfeiture concessions by defense counsel not only left the defendant with an overwhelming financial burden that is enforced against him during his imprisonment and worsens his

4

conditions of confinement in custody, but the concession undermined any argument of disparity between the defendant and nominee pharmacy owners for whom far lesser forfeiture judgments were imposed. The forfeiture judgment stigmatized the defendant as having achieved large gains from the offense, when the record failed to otherwise substantiate that in any way. By failing to protect the defendant from a jurisdictionally invalid forfeiture order that could not be sustained in light of *Honeycutt*, defense counsel provided ineffective assistance. Further, once the government had violated the plea agreement, the defendant, even if he chose not to enforce the agreement, could instead have withdrawn from the illegal forfeiture agreement, but counsel failed to protect the defendant's interests legally or factually regarding the forfeiture theory in this case.

*Failure to make loss and role objections in light of government plea breach.* Other objections that defense counsel would have been free to make upon the government's breach of the plea agreement—if counsel had for any reason chosen not to enforce the agreement (which as noted above, he should clearly have sought to enforce)—counsel could have preserved meritorious objections to the loss calculation and the denial of a minor role reduction to the defendant. The loss calculation was vastly overstated in that the defendant was held responsible, on an intended loss theory, for every bill submission ever made by the Bustabad defendants at any pharmacies where defendant had ever provided any patient information used for any billing. Similarly, counsel should have objected to denial of minor role, where as defense counsel admitted in his sentencing memorandum (Crim. DE:246:4), the defendant's position in the fraud "was toward the bottom of the chain."

With regard to loss, defense counsel's representation fell below the level of reasonably competent counsel where counsel failed to pursue valid objections to a loss calculation premised on losses beyond the jointly undertaken conduct of the defendant and included every dollar for which the Bustabads ever billed in any pharmacies where they used the defendant at any time. By failing to make proper objections to loss calculation, defense counsel caused the intended loss estimate attributed to the defendant to exceed $3.5

million, thereby unreasonably increasing the guideline offense level by two levels and resulting in more than a year of additional imprisonment, where the defendant was sentenced at the low end of the guideline range.

Loss calculation, particularly where addressing *intended* loss, is bounded by the relevant conduct limitations of U.S.S.G. § 1B1.3, which provides that in determining both the base offense level and specific offense characteristics, the court shall base those determinations:

> in the case of a jointly undertaken criminal activity (a criminal plan, scheme, endeavor, or enterprise undertaken by the defendant in concert with others, whether or not charged as a conspiracy), all acts and omissions of others that were—
>
> > (i) within the scope of the jointly undertaken criminal activity,
> >
> > (ii) in furtherance of that criminal activity, ***and***
> >
> > (iii) reasonably foreseeable in connection with that criminal activity.

U.S.S.G. § 1B1.3(a)(1)(B) (emphasis added).[2]  The key consideration in attributing to a contracted patient information provider such as the defendant is defining the ***jointly undertaken*** criminal activity.  Several factors apply to exclude from the loss calculation of a pharmacy business's billings that do not relate to conduct of a contractor/commission defendant such as the instant defendant.  Defense counsel ignored the guidelines' emphasis on individual culpability, as set forth in Application Note 1 to § 1B1.3, providing:

> Sentencing Accountability and Criminal Liability.—The principles and limits of sentencing accountability under this guideline are not always the same as the principles and limits of criminal liability. Under subsections (a)(1) and (a)(2), *the focus is on the specific acts and omissions for which the defendant is to be held accountable* in determining the applicable guideline range, *rather than on whether the defendant is criminally liable for an offense as a principal, accomplice, or conspirator*.

U.S.S.G. § 1B1.3, comment. (n. 1) (emphasis added).

First, because the defendant did not own any of the pharmacies or have a claim to overall criminal

---

[2] All three factors must be present; two out of three won't do.  *See* U.S.S.G. § 1B1.3, comment. (n. 3) ("[W]hen the conduct of others does not meet any one of the criteria set forth in subdivisions (i) through (iii) [of U.S.S.G. § 1B1.3(a)(1)(B)], the conduct is not relevant conduct under this provision.").

proceeds, but was assigned only a payment for his own criminal participation, without any knowledge of or involvement with other patient recruiters, his jointly undertaken activity with the Bustabads should have been limited to fraud in which he participated, not independent criminal activity by the Bustabads at their various pharmacies.  Second, a defendant such as the instant defendant, who joins up with others who were already engaged in operating their illegal businesses long before any involvement by the defendant, is not responsible for any losses occurring prior to the date on which the defendant commences his own participation in the fraud offense.  Third, as to losses based on unreasonable intentions by the Bustabads in billing for amounts that would never be paid, there must be evidence that such unanticipated overbilling was reasonably foreseeable to the defendant.

As to none of these factors was there any showing sufficient to attribute to the defendant *all* of the billing done by the Bustabads at all of their pharmacies at which the defendant ever did any billing.  Instead, if defense counsel had litigated the loss issue, the absence of any record support for attributing all losses to the defendant would have required rejecting the overstated loss amount.  The evidentiary source—the factual basis for the defendant's guilty plea (Crim. DE:159) did not show how much of the losses could be reasonably attributed to the defendant.  The PSI, which mirrored the factual basis statement, likewise showed no basis for attributing all Bustabad losses at the given pharmacies to the defendant.  The exaggerated loss calculation was thus entirely speculative, and defense counsel's failure to object to the calculation was ineffective.

With regard to role in the offense, defense counsel knew that in terms of both receipt of proceeds and every other measure, the defendant's role in the Bustabad's pharmacies was insignificant in relation to that of other participants.  By the relevant measures of U.S.S.G. § 3B1.2, the defendant's role was substantially less than the role of the average participant, where no meaningful dollar value of participation was ever shown as to the defendant, and the ability of other participants to demand far greater proceeds and to have control over operations showed the defendant to warrant a minor role reduction.  Although

labeled a recruiter, the defendant was actually more a transmitter of data among various fraud participants, all of whom were essential to the success of the operation except him.

"[I]t is sufficient that a petitioner must show only a reasonable probability that the outcome would have been different; he 'need not show that counsel's deficient conduct more likely than not altered the outcome in the case.'" *Brownlee v. Haley*, 306 F.3d 1043, 1059-60 (11th Cir. 2002) (quoting *Strickland*, 466 U.S. at 693, 104 S.Ct. at 2067); *see DeLuca v. Lord*, 77 F.3d 578, 590 (2d Cir. 1996) ("The *Strickland* test does not require certainty that the result would have been different."). "When evaluating this probability, 'a court hearing an ineffectiveness claim must consider the totality of the evidence.'" *Brownlee*, 306 F.3d at 1060 (quoting *Strickland*, 466 U.S. at 695, 104 S.Ct. at 2069).

The substantial failures of sentencing counsel to make and preserve appropriate sentencing objections resulted in a reasonable probability of prejudice in this case, particularly in view of the lack of a record showing to support the enhancements applied and the important effect of counsel's failure to protect against a breach of the plea agreement in relation to sentencing.

CLAIM TWO:  Counsel rendered ineffective assistance in connection with plea bargaining and the entry of a guilty plea.

Trial counsel provided erroneous advice to the defendant resulting in a denial of defendant's Sixth Amendment right to effective assistance of counsel during the plea negotiation process.  The accused in a criminal case has a Sixth Amendment right to counsel that extends to the plea bargaining process. *Missouri v. Frye*, 132 S.Ct. 1399 (2012), *Padilla v. Kentucky*, 559 U.S. 356 (2010), 130 S.Ct. 1473, 1486 (2010). And during plea negotiations, the accused is "entitled to the effective assistance of competent counsel." *McMann v. Richardson*, 397 U.S. 759, 771 (1970).  *See, e.g., Wofford v. Wainwright*, 748 F.2d 1505, 1508 (11th Cir. 1984); *Downs-Morgan v. United States*, 765 F.2d 1534, 1539 (11th Cir. 1985) (counsel must provide client with an understanding of the law in relation to the facts, so the accused may make an informed and conscious choice between accepting the prosecution's offer and going to trial").

Trial counsel's advice was constitutionally defective and resulted in prejudice to the defendant, in waiving objections to unwarranted enhancements to his sentence. *See, e.g., Brady v. United States,* 397 U.S. 742, 756 (1970) ("[A]n attorney has a duty to advise a defendant, who is considering a guilty plea, of the available options and possible sentencing consequences."); *United States v. McLain*, 823 F.2d 1457, 1464 (11th Cir. 1987) ("Exploring possible plea negotiations is an important part of providing adequate representation of a criminal client."). Where, as in this case, the ineffective representation resulted in the accused accepting an unfavorable plea offer, and waiving his valuable right to trial, a showing of prejudice requires that but for the ineffective advice there is a reasonable probability that the plea offer would have been rejected by the defendant, not that the prosecution would have presented a better offer in light intervening circumstances. *See Lafler v. Cooper*, 132 S.Ct. 1376, 1385 (2012) (outlining analysis of plea prejudice issue). Here defendant has met both prongs of the relevant test. If the defendant had been properly advised as to the unfavorable nature of the plea agreement—including the overstatement of loss amount, the waiver of his right to pursue a role reduction, the failure to resolve the sophisticated means issue, the gross overstatement of gain to the defendant or of joint liability for forfeiture, and the illusory nature of the acceptance of responsibility agreement—the defendant would have proceeded to trial in the absence of a more favorable plea agreement that offered some real benefit for pleading guilty.

Defense counsel's knowledge of the defendant's drug usage meant that he knew of the obstacle to winning an acceptance of responsibility reduction, but counsel did not convey that risk to the defendant and instead caused the defendant to believe that he did not have any obstacle to receiving the reduction with a government recommendation. Nor did defense counsel advise the defendant that counsel would not hold the government to its plea agreement promise of a recommendation in favor of acceptance of responsibility reduction and that counsel would treat the pre-plea drug usage as a violation of the plea agreement by the defendant. Because the plea agreement called for the defendant to agree to an overstated loss amount (as to which counsel failed to advise the defendant of the legal infirmities in the guideline loss

analysis to which the defendant agreed), the acceptance of responsibility reduction was crucial to the defendant's decision to accept the plea agreement. The absence of the reduction, and knowledge of its at least precarious nature, would have caused the defendant to reject the plea in order to use the trial process to establish the limited nature of his involvement and to put the government to its burden of proof.

There were multiple inaccuracies in the advice given the defendant by defense counsel, including about loss, role, and the illegal and overburdensome forfeiture order (that made the defendant appear to be a major player in the fraud conduct, rather than someone who played a limited role, for a limited time, in conduct of which he was not fully aware) would also have led the defendant to reject the plea. Trial counsel's defective advice about the plea caused defendant to plead guilty and to waive his right to contest essential guideline issues (loss calculation, role in the offense) and a forfeiture calculation that wrongly asserted defendant profited more than $2 million, and exposed him to further enhancements, while misleading defendant as to his status regarding the acceptance of responsibility reduction. Counsel failed to meet the level required of competent federal criminal counsel where counsel misadvised defendant to stipulate to losses that did not fall within the scope of his relevant conduct and to waive role and forfeiture objections. But for counsel's deficient advice, defendant would not have entered into the plea agreement and would have proceeded to trial. Counsel's failure in plea representation to adequately investigate and advise defendant regarding: the illusory acceptance of responsibility provision that counsel failed to enforce; the lack of agreement on a sophisticated means enhancement; the inclusion of losses that were unforeseeable, untethered to defendant's jointly undertaken conduct, or occurred prior to his criminal participation (for which no commencement date was shown); and the unduly burdensome forfeiture provision fell below the level required of reasonably competent counsel and prejudiced the defendant because he would not otherwise have entered the plea agreement and would have chosen trial rather than a guilty plea without a favorable or enforceable plea agreement.

If defendant been properly advised of the inapplicability and significance of all the guideline

concessions made by the defense in the plea agreement, and that the agreement for acceptance of responsibility was illusory, defendant absolutely would not have accepted the government's plea offer and would have gone to trial if no acceptable plea offer were made.  An attorney's responsibility is to investigate and to evaluate his client's options in the course of the subject legal proceedings and then to advise the client as to the merits of each. *Tafero v. Wainwright*, 796 F.2d 1314, 1320 (11th Cir. 1986); *Thompson v. Wainwright*, 787 F.2d 1447, 1451 (11th Cir. 1986). To impart such an understanding to the accused, counsel must, after making an independent examination of the facts, circumstances, pleadings and laws involved, offer his informed opinion as to the best course to be followed in protecting the interests of his client. *Walker v. Caldwell*, 476 F.2d 213, 217 (5th Cir. 1973) (citing *Von Moltke v. Gillies*, 332 U.S. 708, 721, 68 S.Ct. 316, 322 (1948)).

The actions of defense counsel in this case—premised on a fundamental misunderstanding of the law, the facts, and the procedures applicable in relation to the sentencing factors and appellate rights—were severely prejudicial to the defendant and warrant relief and, at a minimum, an evidentiary hearing under 28 U.S.C. § 2255.  *See Rosin v. United States*, 786 F.3d 873, 879 (11th Cir. 2015) (court of appeals recognizes: "we generally prefer that the district court simply hold an evidentiary hearing" rather than seek to parse out all potential interpretations of the record; only when the allegations are "affirmatively contradicted" by the record can a § 2255 movant's allegations be rejected without a hearing).[3]

---

[3]Section 2255 states:
> Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto.

The Rules Governing § 2255 Proceedings make clear that this language is intended to incorporate the standards governing evidentiary hearings in habeas corpus cases that the Supreme Court articulated in *Townsend v. Sain*, 372 U.S. 293, 312 (1963).  *See* Advisory Committee Notes to Rule 8, Rules

Counsel's errors resulted not from any strategic decisions, but from substantial failures of understanding, advice, and investigation. The law requires counsel to research the relevant law and facts and to make informed decisions. *See United States v. Grammas*, 376 F.3d 433 (5th Cir. 2004). Counsel failed to convey to the defendant the necessary factual and legal landscape to enable him to be effectively represented as to plea, sentencing, and potential appeal. *See Hinton v. Alabama*, 134 S. Ct. 1081 (2014) (granting habeas relief based on counsel's misunderstanding of the quality of resources available to him to address the issues in dispute in criminal case; decisions made by counsel premised on fundamental failures of understanding of the law or inadequate investigation are not excusable as mere tactics).

WHEREFORE, the defendant requests that the Court grant his request for an evidentiary hearing and discovery to fully establish his entitlement to relief. Defendant further requests that the Court grant the motion to vacate conviction and sentence and grant such further relief as may be just or required under relevant Eleventh Circuit and Supreme Court precedent.

Respectfully submitted,

s/ Richard C. Klugh
Richard C. Klugh, Esq.
Florida Bar No. 305294
25 S.E. 2nd Avenue, Suite 1100
Miami, Florida 33131
Ph: 305-536-1191
Fax: 305-536-2170
Email: rklugh@klughlaw.com

---

Governing § 2255 Proceedings (incorporating Notes to Rule 8 of the Rules Governing § 2254 Cases). In *Townsend*, the Court held the district court *must* hold an evidentiary hearing (1) if the prisoner alleges facts that, if true, would entitle her to relief; and (2) the relevant facts have not yet been reliably found after a full and fair hearing. *Id.*, 372 U.S. at 312-13. Actual proof of facts alleged is *not* required to demonstrate entitlement to a hearing. "The law is clear that, in order to be entitled to an evidentiary hearing, a petitioner need only *allege*—not prove—reasonably specific, non-conclusory facts that, if true, would entitle him to relief." *Aron v. United States*, 291 F.3d 708, 715 n.6 (11th Cir. 2002) (emphasis in original).

12