## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:18-cv-25411-KMM/Becerra

ELIESER PEREIRA-DELGADO,

      Petitioner,

v.

UNITED STATES OF AMERICA,

      Respondent.

_____/

## OMNIBUS REPORT AND RECOMMENDATION[1]

**THIS CAUSE** came before the Court upon Petitioner Elieser Pereira-Delgado's ("Petitioner") Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255.  ECF No. [1].  The Government filed its Answer to Petitioner's Motion (the "Answer").  ECF No. [11].  Petitioner did not file a reply.  On November 4, 2021, Petitioner filed an Unopposed Motion to Grant 28 U.S.C. § 2255 Motion, In Part, and to Deny Relief, In Part, Without Prejudice.  ECF No. [12].  Upon due consideration, it is hereby **RECOMMENDED** that the Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255, ECF No. [1], be **GRANTED IN PART AND DENIED IN PART** and that the Unopposed Motion to Grant 28 U.S.C. § 2255 Motion, In Part, and to Deny Relief, In Part, Without Prejudice, ECF No. [12], be **GRANTED**.

## I.    BACKGROUND

On August 8, 2017, Petitioner was charged through a multi-count Superseding Indictment with (i) conspiracy to commit wire and health care fraud in violation of Title 18, United States

---

[1] This matter was referred to the undersigned by the Honorable K. Michael Moore, United States District Judge.  ECF No. [9].

Code, Section 1349 (Counts 1, 11, 21); and (ii) health care fraud in violation of Title 18, United States Code, Section 1347 (Counts 2–10, 12–20, 22–30). *See* Superseding Indictment, *United States v. Pereira Delgado*, No. 17-cr-20441-KMM-8 (S.D. Fla. June 27, 2017), ECF No. [65] (the "Criminal Case").[2]  The charges against Petitioner relate to the submission of false or fraudulent claims for health care benefits. *Id.* at 8.  Specifically, Petitioner and his co-conspirators represented that certain prescription drugs "were medically necessary, prescribed by a doctor, and had been provided" by different pharmacies in Miami to Medicare beneficiaries. *Id.*  The claims were submitted by Petitioner and his co-conspirators for purported benefits provided by Rapid Pharmacy Corp., Maxi Pharmacy Discount Corp., Mariposa Pharmacy & Discount Inc., and 49th Street Pharmacy. *Id.* at 4–5.

After the Superseding Indictment, Petitioner and the Government entered into a plea agreement (the "Plea Agreement").  Criminal ECF No. [158].  The Plea Agreement states that Petitioner agreed to plead guilty to Count I of the Superseding Indictment for conspiracy to commit wire and health care fraud. *Id.* ¶ 1.  In exchange, the Government agreed to dismiss the remaining counts of the Superseding Indictment as to Petitioner. *Id.*  Petitioner and the Government agreed that they would jointly recommend that the Court make the following findings and conclusions: (1) based on the Sentencing Guidelines, Petitioner's base offense level was seven; (2) the amount of the loss was more than $3,500,000 but less than $9,500,000; (3) Petitioner's role in the health care fraud was neither aggravating nor mitigating; (4) Petitioner's actions caused a loss to a government health care program greater than $1,000,000; and (5) based on Petitioner's acceptance of responsibility, his Sentencing Guideline level should be reduced by three points but only if

---

[2] References to the electronic docket in Petitioner's underlying criminal case will be cited as "Criminal ECF No. [ ]."

Petitioner made a full disclosure to the probation office regarding his offense, did not misrepresent any facts to the Government, and refrained from engaging in any misconduct that constituted a violation of his terms of release.  *Id.* ¶ 7.  On September 26, 2017, following a Rule 11 plea colloquy, Petitioner was adjudicated guilty.  Criminal ECF No. [315].  The District Court found that Petitioner was "fully competent and capable of entering an informed plea, . . . [was] aware of the nature of the charges and the consequences of the plea, and that the plea of guilty [was] a knowing and voluntary plea, supported by an independent basis in fact in each of the essential elements . . . ." *Id.* at 8:1–9.

On November 2, 2017, a Final Pre-Sentence Investigation Report ("PSI") was prepared prior to Petitioner's sentencing.  Criminal ECF No. [255].  The PSI detailed Petitioner's offense, including a factual summary of his offense conduct, an assessment of his role in the criminal activity, and a description of the victim impact of his conduct.  *Id.* ¶¶ 1–42.  The PSI noted that the pharmacies submitted approximately $10,678,160 in claims and that approximately $4,857,235 was ultimately paid.  *Id.* ¶ 33.  Specifically, Petitioner was accountable for an intended loss of $4,429,275 in the form of claims submitted and an actual loss of $2,200,779, the amount actually paid by Medicare.  *Id.* ¶ 32.  The PSI also listed in the criminal history section several Florida offenses, including (1) driving under the influence in 2006; (2) grand theft auto in the third degree in 2010; (3) driving while license suspended in 2010; and (4) habitual traffic offender in 2011.  *Id.* ¶¶ 58–61.  Thus, the PSI included Petitioner's offense level computation, determining that his base offense level was seven.  *Id.* ¶ 46.  Because Petitioner was accountable for a loss greater than $3,500,00 but not more than $9,500,00, the offense level increased by eighteen levels.  *Id.* ¶ 47.  A two-level increase was recommended because the offense involved a loss to a government health care program greater than $1,000,000 but not more than $7,000,000.  *Id.* ¶ 48.  An additional two-

level "sophisticated means" enhancement was also recommended. *Id.* ¶ 49. The PSI did not recommend an adjustment for acceptance of responsibility because Petitioner tested positive for cocaine various times in August and September 2017 while he was on bond, and as a result, had not "voluntarily terminated or withdrawn from criminal conduct." *Id.* ¶ 44.[3] Ultimately, the PSI provided a total offense level of twenty-nine. *Id.* ¶ 56. Based on an offense level and a criminal history category of III, the advisory guideline range of imprisonment was 108 to 135 months. *Id.* ¶¶ 62, 103.

Thereafter, at sentencing, the District Court denied Petitioner's objections to the PSI Report, Criminal ECF No. [240], and his request for a downward variance under 18 U.S.C. § 3553(a), Criminal ECF No. [246]. The District Court reasoned that because Petitioner violated the terms of his bond by continuing to use cocaine, "his behavior [was] inconsistent with acceptance." ECF No. [11-2] at 2:24–3:5. Additionally, the Court concluded that "given the nature of the scheme and the length of the period of time over which the conspiracy took place, the number of people involved, [and] his role in the offense," a downward variance was not warranted. *Id.* at 3:20–4:10. As such, the Court sentenced Petitioner to 108 months' imprisonment followed by three years of supervised release. Criminal ECF Nos. [275], [277].

On December 24, 2019, Petitioner filed the instant Motion seeking relief pursuant to 28 U.S.C. § 2255. ECF No. [1]. Specifically, Petitioner's Motion seeks relief based on three claims of ineffective assistance of counsel: (1) that his trial counsel, Martin J. Beguiristain ("Trial

---

[3] Specifically, the PSI indicates that Petitioner tested positive for cocaine on August 22, 2017, August 29, 2017, September 21, 2017, September 25, 2017, September 26, 2017, and September 29, 2017. Criminal ECF No. [255] ¶¶ 7–8, 10. Although Petitioner was referred to drug treatment services, the probation office was notified of his failure to attend the treatment. *Id.* ¶¶ 7, 10. As a result, on October 3, 2017, Petitioner's bond was revoked, and he was remanded into custody. *Id.* ¶ 10; *see also* Criminal ECF No. [164].

Counsel") was ineffective by failing to raise certain objections to the PSI; (2) that Trial Counsel was ineffective for failing to properly advise Petitioner about the provisions of the Plea Agreement and its implications; and (3) that Trial Counsel was ineffective by failing to correctly advise Petitioner about his appellate rights. *Id.* at 4–5, 7.

As to Petitioner's first claim, he argues that Trial Counsel was ineffective at sentencing by failing to object to the absence of the acceptance of responsibility adjustment, the imposition of the sophisticated means enhancement, the characterization of his criminal history, and the imposition of the forfeiture judgment. *Id.* at 14. As to Petitioner's second claim, he states that Trial Counsel was infective in failing to advise Petitioner regarding the unfavorable nature of the Plea Agreement and that he would have proceeded to trial if Trial Counsel would have properly advised him of "the overstatement of [the] loss amount, the waiver of his right to pursue a role reduction, the failure to resolve the sophisticated means issue, the gross overstatement of gain to the [Petitioner] or of joint liability for forfeiture, and the illusory nature of the acceptance of responsibility agreement." *Id.* at 5, 22. Finally, as to Petitioner's third claim, he argues that Trial Counsel was ineffective by failing to advise him of his right to appeal. *Id.* at 7. Specifically, Petitioner states that had he been properly advised, he would have filed a timely notice of appeal as to "the [G]overnment's violation of the [P]lea [A]greement with regard to the acceptance of responsibility reduction and the imposition of an impermissible sophisticated means enhancement and invalid forfeiture penalties." *Id.*

The Government filed its Answer to the instant Motion, arguing that the Court should deny the Motion on both procedural and substantive grounds. ECF No. [11]. As an initial matter, the Government argues that the Motion is procedurally barred because issues with the sentencing guidelines are not properly adjudicated via a Section 2255 proceeding, but instead should only be

raised on direct appeal. *Id.* at 6–7. Specifically, because Petitioner's sentence did not constitute a complete miscarriage of justice, any issues with the sentence simply present ordinary questions of guideline interpretation, which are not appropriate as Section 2255 claims. *Id.* at 8. The Government also objects on the merits, stating that Trial Counsel properly objected to the PSI Report, that Trial Counsel's recommendations were not constitutionally deficient, and that Petitioner could not establish prejudice. *Id.* at 10–25. In addition, the Government argues that Petitioner cannot demonstrate ineffective assistance of counsel based on Trial Counsel's alleged failure to advise him of his appellate rights. *Id.* at 24. The Government notes that Petitioner has failed to demonstrate that he expressed to Trial Counsel that he was interested in appealing his sentence or that, based on the particular sentence in this case, a rational defendant could have a non-frivolous ground for filing an appeal. *Id.* at 25. Thus, the Government submits that, at a minimum, an evidentiary hearing would be required to determine whether Petitioner ever expressed that he was interested in appealing. *Id.* at 26.

However, on June 4, 2021, Petitioner filed an Unopposed Motion to Grant 28 U.S.C. § 2255 Motion, In Part, and to Deny Relief, In Part, Without Prejudice (the "Unopposed Motion"). ECF No. [12]. Therein, Petitioner states that the Government no longer opposes his third claim for ineffective assistance of counsel. *Id.* ¶¶ 1–2. Instead, the Parties now request that that Petitioner's instant Motion be granted as to the third claim, that the criminal case be reopened, that Petitioner be permitted to file a direct appeal, and that the remaining claims be denied without prejudice as premature. *Id.* ¶ 2. The Unopposed Motion states that the Government does not oppose the relief sought. *Id.* ¶ 3.

## II.    ANALYSIS

Pursuant to 28 U.S.C. § 2255, a prisoner in federal custody may move the court that imposed the sentence to vacate, set aside or correct the sentence if it was imposed in violation of federal constitutional or statutory law, was imposed without proper jurisdiction, is in excess of the maximum authorized by law, or is otherwise subject to collateral attack.  28 U.S.C. § 2255.  If a court finds a claim under § 2255 to be valid, the court "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." *Id*.

The Sixth Amendment gives criminal defendants the right to effective assistance of counsel.  U.S. Const. amend. VI.  A claim of ineffective assistance of counsel, including those that challenge guilty pleas, is subject to the two-pronged test set out in *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  *See Hill v. Lockhart,* 474 U.S. 52, 57 (1985) (noting that the two-part standard set forth in *Strickland* applies to guilty plea challenges based on ineffective assistance of counsel).  Specifically, *Strickland* requires that a criminal defendant show that "(1) 'counsel's representation fell below an objective standard of reasonableness' and (2) that such failure prejudiced him in that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'"  *United States v. Pease,* 240 F.3d 938, 941 (11th Cir. 2001) (quoting *Strickland*, 466 U.S. at 687–88).

Indeed, a criminal defendant may assert a claim for ineffective assistance of counsel based on his attorney's failure to advise of the right to appeal.  *Davis v. United States*, No. 1:19-CV-22263-KMM, 2020 WL 6791099, at *5 (S.D. Fla. Nov. 19, 2020) (citing *Thompson v. United States*, 504 F.3d 1203, 1207 (11th Cir. 2007) (stating that counsel has a constitutionally imposed duty to consult with the criminal defendant regarding an appeal when "(1) a rational defendant

would want to appeal; or (2) the particular defendant reasonably demonstrated an interest in appealing"). Although an attorney is not under "a *per se* constitutional obligation to consult with his or her client about an appeal," an attorney must not disregard his client's specific directives regarding the filing of a notice of appeal. *Otero v. United States*, 499 F.3d 1267, 1270 (11th Cir. 2007); *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000) (noting that an attorney is "professionally unreasonable" when he "disregards a specific instruction from the defendant to file a notice of appeal"). Upon a finding that counsel failed to file an appeal as requested, "a defendant is entitled to [a] resentencing and to an appeal without showing that his appeal would likely have had merit." *Peguero v. United States*, 526 U.S. 23, 28 (1999) (citing *Rodriguez v. United States*, 395 U.S. 327, 329–30 (1969)); *Montemoino v. United States*, 68 F.3d 416, 417 (11th Cir. 1995) ("This Court has long held that an attorney's failure to file an appeal after the defendant requests him to do so entitles the defendant to an out-of-time appeal, even without a showing that there would have been any viable grounds for an appeal.").

In cases "where the defendant neither instruct[ed] counsel to file an appeal nor ask[ed] that an appeal not be taken," an attorney's performance may be constitutionally ineffective if he or she failed to "consult" with the defendant about filing an appeal. *See Flores-Ortega*, 528 U.S. at 478. To "consult" means to advise defendant "about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes." *Id.* If a criminal defense attorney's consultation comports with that definition, the only way an attorney's performance can be deemed ineffective is if the defendant insisted with "express instructions" to appeal. *Id.*

If a district court determines that, as a Section 2255 remedy, the movant is entitled to file an out-of-time appeal, the following procedure shall be followed:

(1) the criminal judgment from which the out-of-time appeal is to be permitted should be vacated; (2) the same sentence should then be reimposed; (3) upon reimposition of that sentence, the defendant should be advised of all the rights associated with an appeal from any criminal sentence; and (4) the defendant should also be advised that the time for filing a notice of appeal from that re-imposed sentence is ten days, which is dictated by Rule 4(b)(1)(A)(i).

*United States v. Phillips*, 225 F.3d 1198, 1201 (11th Cir. 2000).

In this case, the Government's primary argument in opposition is that the claims asserted by Petitioner are procedurally defective, as they are not cognizable via a Section 2255 proceeding, but instead should be raised on direct appeal.  At this juncture, however, the Government does not oppose Petitioner's claim for ineffective assistance of counsel based on his attorney's failure to advise him of the right to appeal.  ECF No. [12] ¶ 2.  As such, the Parties agree that the instant Motion should be granted as to the third claim for ineffective assistance of counsel and denied without prejudice as to the remaining claims.  *Id.*  This would enable Petitioner to file a direct appeal as to the first two claims for ineffective assistance of counsel at the plea and sentencing stages.

Although the Government initially argued that an evidentiary hearing was necessary to determine whether Petitioner expressed to Trial Counsel a desire to appeal, the Government later agreed that the instant Motion should be granted as to this claim.  Thus, the Government concedes that Trial Counsel failed to accurately advise Petitioner of his appellate rights.  The Government further concedes that Petitioner could establish at an evidentiary hearing that he expressed to Trial Counsel that he was interested in appealing.  Accordingly, the Court must find that Trial Counsel's performance was ineffective only as to the issue of filing an appeal and that Petitioner is, therefore, entitled to relief on his third claim for ineffective assistance of counsel.  As such, based on the Parties' agreement, the undersigned **RECOMMENDS** that (1) the criminal judgment be vacated; (2) that the same sentence be reimposed; (3) that upon reimposition of the sentence, Petitioner be

advised of his appellate rights; and (4) that Petitioner be advised that the time for filing a notice of appeal from that re-imposed sentence is ten days.  By doing so, Petitioner will be in "the same position that he would have been in had his lawyer filed a timely appeal on his behalf." *United States v. Palacios*, 516 F. App'x 734, 738 (11th Cir. 2013).

### III.     CONCLUSION

Based upon the foregoing, it is **RECOMMENDED** that Petitioner's Motion to Grant 28 U.S.C. § 2255 Motion, In Part, and to Deny Relief, In Part, Without Prejudice, ECF No. [12], be **GRANTED**.  As such, the Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255, ECF No. [1], should be **DENIED WITHOUT PREJUDICE** as to Claims One and Two and **GRANTED** as to Claim Three.

### IV.     OBJECTIONS

Although the Motion to Grant 28 U.S.C. § 2255 Motion, In Part, and to Deny Relief, In Part, Without Prejudice, ECF No. [12], was not filed jointly, Petitioner represents that the relief requested is unopposed by the Government. *Id.* ¶ 3.  However, in an abundance of caution, the Government is hereby **ORDERED** to file a written notice within fourteen days from the date of this Report and Recommendation indicating whether it agrees that the Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255, ECF No. [1], should be granted as to Claim Three and denied without prejudice as to Claims One and Two.  The Government's notice shall also include any objections it may have to this Report and Recommendation.  In addition, Petitioner shall also file written objections, if any, to this Report and Recommendation within fourteen days of being served with a copy of this Report and Recommendation.  Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this Recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based

on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C);

*see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir.

2020).

      **DONE AND SUBMITTED** in Chambers at Miami, Florida on November 18, 2021.

                              _____

                              JACQUELINE BECERRA
                              UNITED STATES MAGISTRATE JUDGE