UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:18-cv-25411-KMM

ELIESER PEREIRA-DELGADO,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.
                                    /

## ORDER ON REPORT AND RECOMMENDATION

THIS CAUSE came before the Court upon the Government's Unopposed Motion to Grant 28 U.S.C. § 2255 Motion, in Part, and to Deny Relief, in Part, Without Prejudice. ("Mot.") (ECF No. 12). Petitioner Elieser Pereira-Delgado's ("Petitioner") did not file a response, and the time to do so has passed. The Court referred the matter to the Honorable Jacqueline Becerra, United States Magistrate Judge. (ECF No. 9). Magistrate Judge Becerra issued a Report and Recommendation recommending that Movant's Motion be GRANTED. ("R&R") (ECF No. 13). Petitioner has not filed objections to the R&R, and the time to do so has passed. The Government has filed a notice informing the Court that it has no objections to the R&R. (ECF No. 14). The matter is now ripe for review. As set forth below, the Court ADOPTS the R&R.

The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The Court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). A *de novo* review is therefore required if a party files "a proper, specific objection" to a factual finding contained in the report. *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006). "It is critical that the objection be sufficiently specific and not a general objection to the report" to warrant *de novo* review. *Id.*

The background regarding Petitioner's criminal sentence for conspiracy to commit wire fraud and healthcare fraud is detailed in the R&R, and need not be repeated here. R&R at 2–4. In Petitioner's Motion seeking relief pursuant to 28 U.S.C. § 2255 ("Petition") (ECF No. 1), Petitioner seeks relief based on three (3) claims: "(1) that his trial counsel, Martin J. Beguiristain ('Trial Counsel') was ineffective by failing to raise certain objections to the PSI; (2) that Trial Counsel was ineffective for failing to properly advise Petitioner about the provisions of the Plea Agreement and its implications; and (3) that Trial Counsel was ineffective by failing to correctly advise Petitioner about his appellate rights." R&R at 4–5 (citing Petition at 4–5, 7). Now, the Government does not oppose relief as to Petitioner's third claim of ineffective assistance of counsel and the Parties "request that that Petitioner's instant Motion be granted as to the third claim, that the criminal case be reopened, that Petitioner be permitted to file a direct appeal, and that the remaining claims be denied without prejudice as premature." *Id*. at 6 (citing Mot. at ¶ 2).

In the R&R, Magistrate Judge Becerra recommends that Government's Motion be GRANTED, and Magistrate Judge Becerra states as follows:

> In this case, the Government's primary argument in opposition is that the claims asserted by Petitioner are procedurally defective, as they are not cognizable via a Section 2255 proceeding, but instead should be raised on direct appeal. At this juncture, however, the Government does not oppose Petitioner's claim for ineffective assistance of counsel based on his attorney's failure to advise him of the right to appeal. (ECF No. 12) ¶ 2. As such, the Parties agree that the instant Motion should be granted as to the third claim for ineffective assistance of counsel and denied without prejudice as to the remaining claims. *Id*. This would enable Petitioner to file a direct appeal as to the first two claims for ineffective assistance of counsel at the plea and sentencing stages.
>
> Although the Government initially argued that an evidentiary hearing was necessary to determine whether Petitioner expressed to Trial Counsel a desire to appeal, the Government later agreed that the instant Motion should be granted as to this claim. Thus, the Government concedes that Trial Counsel failed to accurately advise Petitioner of his appellate rights. The Government further concedes that Petitioner could establish at an evidentiary hearing that he expressed to Trial Counsel that he was interested in appealing. Accordingly, the Court must find that

> Trial Counsel's performance was ineffective only as to the issue of filing an appeal and that Petitioner is, therefore, entitled to relief on his third claim for ineffective assistance of counsel. As such, based on the Parties' agreement, the undersigned RECOMMENDS that (1) the criminal judgment be vacated; (2) that the same sentence be reimposed; (3) that upon reimposition of the sentence, Petitioner be advised of his appellate rights; and (4) that Petitioner be advised that the time for filing a notice of appeal from that re-imposed sentence is ten days. By doing so, Petitioner will be in "the same position that he would have been in had his lawyer filed a timely appeal on his behalf." *United States v. Palacios*, 516 F. App'x 734, 738 (11th Cir. 2013).

R&R at 9–10 (internal citations reformatted). The Court agrees.

Accordingly, UPON CONSIDERATION of the Motion, the R&R, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED that Magistrate Becerra's R&R (ECF No. 13) is ADOPTED. The Government's Unopposed Motion to Grant 28 U.S.C. § 2255 Motion, in Part, and to Deny Relief, in Part, Without Prejudice (ECF No. 12) is GRANTED. Petitioner's Motion to Vacate, Set Aside, or Correct Sentence (ECF No. 1) is GRANTED IN PART and DENIED IN PART WITHOUT PREJUDICE. Petitioner's Judgment in Criminal Case No. 1:17-cr-20441-KMM (ECF No. 277) is hereby VACATED. Petitioner will be set for a sentencing hearing by separate order in Criminal Case No. 1:17-cr-20441-KMM. The Clerk of Court is INSTRUCTED to CLOSE this case. All pending motions, if any, are DENIED AS MOOT.

DONE AND ORDERED in Chambers at Miami, Florida this *29th* day of December, 2021.

                                                  K. MICHAEL MOORE
                                                  UNITED STATES DISTRICT JUDGE

c: All counsel of record